CHICAGO, B. & Q. R. CO. v. BOARD OF SUP'RS OF APPANOOSE COUNTY, IOWA.

(Circuit Court of Appeals, Eighth Circuit.    April 8, 1910.)

No. 3,098.

DRAINS (§ 82*)—ESTABLISHMENT BY PUBLIC AUTHORITIES—ASSESSMENT OF BENEFITS—REVIEW BY COURTS.

    An assessment of benefits made by a drainage board against the property of a railroad company on account of the construction of a public drainage ditch, affirmed by a court, will not be disturbed by an appellate court except in case of gross error showing prejudice, corruption, or plain mistake.

    [Ed. Note.—For other cases, see Drains, Cent. Dig. §§ 84–87; Dec. Dig. § 82.*]

Appeal from the Circuit Court of the United States for the Southern District of Iowa.

Proceedings before the Board of Supervisors of Appanoose County, Iowa, to establish a drainage ditch. From an assessment of benefits against the property of the Chicago, Burlington & Quincy Railroad Company that company appealed and removed the cause into the fed-

eral court. From the judgment of that court affirming the assessment (170 Fed. 665), it appeals. Affirmed.

H. H. Trimble (Palmer Trimble, on the brief), for appellant.
Clarence A. Baker, for appellee.

Before SANBORN and ADAMS, Circuit Judges, and AMIDON, District Judge.

AMIDON, District Judge. This is a companion case to the one just decided between the same parties, 182 Fed. 291. That case involved an assessment of damages, while this one involves an assessment of benefits, arising from the construction of the drain.

There is evidence in the record tending to show that the two branches of appellant's road embraced 8 miles lying within the drainage district. In the Kansas City branch there were two trestles, one 811 feet long, and the other 351 feet long. In the Keokuk & Western branch there were also two trestles, one being 590 feet long and the other 234 feet long. The remainder of the track was laid on an earth enbankment from 6 to 8 feet high. The floods occurring in the valley sometimes overflowed the roadbed, causing injury thereto and to the trestles, and obstructing traffic. The drainage board was of the opinion that the construction of the drain in question would largely obviate these injuries, and would likewise enable the railroad to substitute an earth fill for the greater part of the trestles. It assessed plaintiff's benefits originally at $7,000, and afterwards increased the same by $2,333.33. The appellant denies that the benefits mentioned would result from the construction of the drain, and urges as its only ground of appeal that the assessment of benefits is excessive. The trial judge was of the opinion that the appellant would be benefited by the construction of the drain in at least the sum of $25,000, and affirmed the assessment of benefits made by the board.

It is manifest that the results to be obtained by the construction of the drain as a whole, as well as the benefits to accrue to the railroad company, lie largely in the realm of opinion. The assessment of benefits is amply supported by the testimony of practical men and skillful engineers. There is no evidence in the record that would justify a finding that the board was actuated either by passion or fraud, or that it was misled as to any controlling matter of fact. In Shoemaker v. U. S., 147 U. S. 282, 13 Sup. Ct. 361, 37 L. Ed. 170, the Supreme Court declared that: "An appellate court will not interfere with the report of commissioners in the assessment of damages to correct the amounts reported, except in case of gross error showing prejudice, corruption, or plain mistake." This is the elementary rule approved by all courts and text-writers. Lewis on Eminent Domain (3d Ed.) §§ 776 and 805. The same rule should apply to the assessment of benefits. It is familiar doctrine that an appellate court will not disturb the finding of a master, approved by a trial court, except in a very plain case. We can see no reason why the same rule should not be applied in a case like the present.

The decree is affirmed.

Defendants'-Queen Olives
Old Style
Ex. No. 23

Defendants'-Queen Olives
Don Caesar Brand
Ex. No. 7

Complainant's-Queen Olives
Don Carlos Brand
Ex. No. 4

Complainant's
Ring Bottle
Ex. No. 5

Defendants'
Ring Bottle
Ex. No. 8

Defendants'
Bulb Bottle
Old Style
Ex. No. 22

Complainant's
Banquet Bottle
Don Carlos Brand
Ex. No. 6

Defendants'
Banquet Bottle
Don Caesar Brand
Ex. No. 9